UNITED STATES v. MERCK & CO.

MERCK & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. January 21, 1899.)

Nos. 1,973 and 1,979.

CUSTOMS DUTIES—ADDITIONS TO INVOICE VALUE—PENAL DUTIES.

Section 7 of the customs administrative act of 1890 permits the importer to make such additions, in the entry, to the invoice value, as, in his opinion, may raise the same to the actual market value. *Held*, that an addition so made, though marked upon the invoice itself, becomes a part of the entered value, and that the collector cannot ignore such addition, and then assess a penal duty which would not otherwise have accrued.

These were applications by the government and by the importers, respectively, for a review of the decision of the board of general appraisers in respect to the imposition of certain penal duties upon goods imported at the port of New York.

James T. Van Rensselaer, Asst. U. S. Atty.

Albert Comstock, for Merck & Co.

WHEELER, District Judge. Section 7 of the administrative act (26 Stat. 134) provided that the importer may "make such addition in the entry to the cost or value given in the invoice, or pro forma invoice, or statement in form of an invoice, which he shall produce with his entry as, in his opinion, may raise the same to the actual market value"; that all additional duties, penalties, or forfeitures applicable to merchandise entered by a duly-certified invoice shall be alike applicable to goods entered by a pro forma invoice, or statement in form of an invoice, and that the duty should not "be assessed upon an amount less than the invoice or entered value." These importers made such an addition upon the invoice produced with the entry, which was disregarded, and a penal duty assessed that would not have accrued if it had been regarded. The board sustained the protest. The invoice seems to be the foundation of information of value; and this does not seem to be confined to the original consular invoice, for the provisions extend to pro forma invoices and statements. This statement of addition was upon the invoice when it was produced with the entry, and so was a part of the invoice value, to which, by the statute, all additional duties, penalties, or forfeitures were alike applicable, and below which, as distinguished from entered value, the collector could not go. It was to be regarded upward as well as downward, in liquidating the entry, and was an addition to make market value "in the entry" as a whole, although not written into the paper technically called the "entry." Decision in 1,973 affirmed, in 1,979 reversed.